

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | |
| ROLAND BORASSI ) | |
| ) | |
| ) | Case No. 06 CR 916 - 2 |
| ) | |
| ) | Hon. William J. Hibbler |

## RULING ON DEFENDANT BORASSI'S MOTIONS FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL

### BACKGROUND

This Court has received and reviewed defendant Borassi's motion for New Trial and for Judgment of Acquittal and Memorandum of Law In Support. The government has filed its response to the motions and the defense has filed its reply. The Court after due consideration of the motions rules as follows:

The Court finds no significant errors in the factual allegations with regards to the parties overall recollections of the trial. As the parties point out they are without a trial transcript, the Court is also relying on its notes and recollection of the evidence without the benefit of a trial transcript in ruling on the pending motions.

### RULING

The Court finds that the defendant has raised numerous issues in his motions none of which individually nor collectively justify the granting of either motion. The defendant has failed to convince this Court that substantial prejudice occurred during his trial that resulted in a miscarriage of justice requiring a new trial nor is the Court convinced that there was insufficient evidence presented at his trial to convince a rational jury of defendant's guilt beyond a reasonable doubt.

# ISSUES

### I. Rule 404(b) Evidence

Specifically, as to Rule 404(b) evidence which the Court allowed to be admitted, it was properly admitted to show motive, intent, modus operandi and knowledge. Although damaging to the defense, it was of probative value and properly admitted. The Court also was vigilant in excluding additional proffered evidence it found to be more prejudicial than probative.

### II. Tape Recordings

The Court's rulings as to the inclusion and exclusion of certain portions of the tape recordings were made to consistently admit only proper, probative and relevant material. Athough the defense changed its position much like shifting sands as to what should or should not be edited from the tapes, the Court remained committed to deleting all extraneous material from them. The efforts of the defense to imply that significant portions of the tapes were somehow deleted or altered by the Government were improper. The Court allowed evidence that the parties edited the tapes and properly instructed the jury regarding them. The defense finding of error in this process is without merit.

### III. Newly Discovered Materials

When the government tendered some newly found boxes of materials which related to the instant case, the defense asked the Court to continue the case for trial. In that, the case had a long and tortured history of delays which included several extensions of the schedule trial date, the Court required that the defense review the newly disclosed material, which the Government insisted was either irrelevant, previously disclosed or redundant. Never receiving any specific information as to any impact positive or negative the new materials would have on the trial, the Court exercised its discretion and ruled that the trial would proceed. These materials were never raised as an issue during the trial and the ruling to proceed to trial does not create cause for a new trial.

### IV. *Examination of Mamoon Baig*

The Court's decision to prevent the defense from examing Mamoon Baig about an alleged 9/11 terrorism investigation was proper, in that, to allow any party to delve into this unrelated, highly volatile and emotion evoking inquiry was clearly irrelevant and more prejudicial then probative. On a similar issue, the Court allowed inquiry of Mr. Baig about a plea agreement which he rejected from the Government. Questioning regarding the basis for his decision to reject the plea agreement was not allowed because it would have impacted his attorney-client relationship. The specifics of the rejected plea were irrelevant, and to require the production of an irrelevant agreement was not probative of any issue in the case.

### V. *Dr. Jawich's Contract*

The defense in its motion failed to set forth any prejudicial effect resultant from the Court's ruling on the exclusion of Dr. Jawich's employment contract. The Court's decision to exclude this document was proper based upon its irrelevancy.

### VI. *Agent Ferguson Testimony*

The preliminary questions of Agent Ferguson by the government regarding his professional duties as an agent were not improper, in that, they acquainted the jury with the background and experience of the witness. They also provide the jury with information to judge the competency of the witness to carry out the investigative function he claimed to have performed. The Court also promptly sustained a defense objection when the prosecution asked a question touching upon Dr. Borrasis' pre-arrest, non-custodial refusal to continue an interview. Although the Government strenuously argued its right to pursue this line of questioning under United States v. Davenport 929 F. 2d 1169 (7th Cir. 1991) the Court out of an abundance of caution for defendant's rights curtailed this inquiry. The inquiry was not upon reflection erroneous and thus provides no basis for a mistrial and did not result in prejudice to the defendant.

### VII. *Dr. Singla Statements*

The defendant's right to confrontation was not infringed by the Court's allowance of co-conspirator Dr. Singla's statements. The Court's determination during the Santiago proffer as to the admissability of these statements was proper as were the limitations placed on the defense in their attempts to impeach these statements through cross examination of Agent Ferguson. Extraneous examination regarding issues such as Dr. Singla's divorce were clearly irrelevant and not probative of any issue in the case.

### VIII. *Summary Charts*

The charts, the accuracy of which were challenged during the trial were properly admitted by the Court. Proper foundations were laid and the defense had a full opportunity to question the accuracy of the charts in the presence of the jury. The Court's allowing their admission into evidence gave the jury a better opportunity to view the exhibits and make its own determination as to the accuracy of and any impact this exhibit and evidence should have. This ruling did not result in any prejudice to the defendant.

### IX. *Meeting Minutes*

With regards to the minutes of meeting to which there was no dispute that defendant, Borrasi, attended, the defense at trial was prevented from eliciting the substance of the record of those meetings. The Court found the minutes were subject to hearsay objections, were incomplete and were not probative of work actually done by Dr. Borrasi. In that the parties agreed to admit the records into evidence and they were probative of the recorded attendance of Dr. Borrasi at numerous meetings, the Court allowed their admissions into evidence, but properly limited argument that went beyond the basis and purpose for which they were admitted.

### X. *Wendy Mamoon Examination*

During defendant, Mamoon's cross examination, a question regarding the shredding of documents arose, the counsel for Dr. Borrasi immediately objected on the grounds that the question implied his client had engaged in this conduct. The Court, after a sidebar, sustained the objection and instructed the jury to disregard the question as the Court had done previously and would do numerous times during the trial. The Government also asked additional questions of Mr. Mamoon to clarify its inquiry. Based upon the Court's prompt action in sustaining the objection and admonishing the jury to disregard the question plus the Government's clarifying questions, this singular inquiry did not result in prejudice to the defendant requiring a mistrial then or a new trial now.

### XI. *Instructions and Arguments*

The Court's rulings as to its instructions to the jury were proper. Specifically, with regards to the defense request for a unanimity instruction, the Court properly followed United States v. Griggs, 569 F. 3d 341 (7th Cir. 2009) and rejected the request. All proper objection during both opening statements and closing arguments were promptly and properly ruled upon and did not provide a basis to grant the defendant the relief he seeks.

## XII. *Judgment of Acquittal*

Finally, as to the defense request for a Judgment of Acquittal, the Court finds that the evidence adduced at trial was more than sufficient for a rational jury to find proof of each essential element of the crimes beyond a reasonable doubt.

Therefore, defendant's motions for New Trial and Judgment of Acquittal are hereby denied.

Defendant Borassi has also adopted all issues raised by Wendy Mamoon in her post trial motions. The Court finds that no issue raised by the Mamoon motions impacts its rulings regarding Borassi.

ENTERED: _____
Hon. William J. Hibbler

DATE: 11/2/09